879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Alexander HOLMES, a/k/a Frog, Defendant-Appellant,
 No. 88-5179.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 5, 1989.
Decided: July 12, 1989.
 
 Newman T. Halvorson, Jr., William E. O'Brian, Jr., Covington & Burling, on brief, for appellant.
 Henry E. Hudson, United States Attorney; William G. Otis, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and JAMES C. TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Calvin Alexander Holmes, and two compatriots robbed a bank in Statesville, North Carolina on May 25, 1988. Prior to this event, appellant had six criminal convictions, including assault with a deadly weapon and felonious burning of personal property. Pursuant to an agreement with the Government, appellant pleaded guilty to one count of bank robbery. He was then sentenced in accordance with the Federal Sentencing Guidelines to 120 months' imprisonment, plus $50 assessment, plus five years of supervised release.
 
 
 2
 Appellant now asserts that in determining his sentence it was error for the district court to classify him as a career offender as defined by Section 4B1.1 of the Federal Sentencing Guidelines. We disagree.
 
 
 3
 Section 4B1.1 defines a career offender as one who is at least eighteen years old and who has two prior felony convictions for either a crime of violence or a controlled substance offense. The term "crime of violence" as used in this provision of the guidelines is defined under 18 U.S.C. Sec. 16 and clearly encompasses appellant's assault conviction and his conviction for the felonious burning of personal property. Accordingly, it was not error for the district court to consider the appellant a career offender for purposes of sentencing.
 
 
 4
 The judgment of the district court is accordingly
 
 
 5
 AFFIRMED.